The judgment of the court was pronounced by
Preston, J.
Marie Fanny Roy made a will containing the following dispositions: X. “ Je donne et légue k mon frére Solastie Alexandre Roy la somme tant en capital qu’en inlérét de l’argent que je lui ai prété, pour sa vie durante, et en cas de mort sans héritiers. Je désire que cette somme retourne á Pierre Solastie Roy mon frére. 2. Je donne et légue k Josette Roy veuve de feu Louis Guidry fils, ma sceur, ma mulatresse nommée Caroline, agée d’environ dix-neuf ana, et son fils Cyprien, agée d’environ deux ans, ainsi que la part indivisée d’une terre situeé dans l’anse du bayou Téche, paroisse St. Martin, pour sa vie durante, et aprés sa mort á son fils Louis Cyprien Guidry."
*557 The heirs of the deceased have attacked these provisions in the will as prohibited by law, and ask that they be annulled by judgment. Our Civil Code declares, that “ every disposition by which the donee, the heir, or legatee, is charged to preserve for or to return a thing to a third person, is null even with regard to the donee, the substituted heir or the legatee.”
Under this law, in the case of Ducloslange v. Ross, a donation, substantially the same with the first disposition in the will under consideration, was annulled by this court. 3d Ann. 432. So a similar donation was declared null by the late Supreme Court, in the case of Arnaud v. Tarbe et al-, and the reasons presented by Judge Mathews for the judgment, and his strong exposition of the motives of public policy which induced the Legislature to prohibit substitutions and fidei commissa, are conclusive upon our minds as to the nullity of the first disposition. 4 L. R. 505. In the disposition under consideration, as well as in both those cases, the title to the property could not vest in the second donee, until it was ascertained that the first left no heirs.
In the cases of the succession of Ducloslange, 4 R. R. 410, and of the Heirs of Cole v. His Executors, 7 N. S. 417, these principles were fully recognized by the Supreme Court, but considered not applicable to those cases.
It is urged, however, that in this disposition in favor of one brother, the testatrix merely expresses a desire that the amount bequeathed to him should return to her other brother in the event of the first dying without heirs; that she does not even request, much less direct it. In wills, the desires of a testator are his wishes, and his wishes, if legal and formally expressed and published, are his will, and imperative upon his legal heir or representative.
The defendant’s counsel contends, that the second disposition in controversy in reality gives the usufruct of the property to one, and the naked property to another, and is protected by article 1509 of the code from the nullity declared in article 1507.
The reasoning of the Supreme Court in the case of Rachal et al. v. Rachal et al. 1 R. R. 115, strongly supports his views of the case. The legatees under this disposition are both in existence; are designated by it; the interest of each is clearly pointed out, and made dependent upon no condition ; and we see no reason why the interest of each should not vest at the death of the testator. The interest of the mother would, at her death, descend to her heirs; that of the son to his heirs. There is no substantial difference between a life estate and a usufruct for life vested in a mother, the naked property being vested in her son. The rights and duties of the parties are the same in each case. The property is bequeathed to the mother during life, that is, substantially, she is to have the enjoyment or usufruct of it. Louis Guidry is the legatee of the naked property, that is, the title is vested in him. Should he die before his mother, bis interest would vest in his heirs or representatives, subject to the interest or, in reality, usufruct of the mother.
We think these were the views and intentions of the testator, whose intentions we are bound to ascertain, (Code, art. 1705.) and to interpret his dispositions in such a manner as to give them effect, if it be possible, without departing from the proper signification of the terms of his testament. Code, 1705, 7006. And in cases of doubt, to presume that the testator intended to do that which was lawful, rather than that which was prohibited by law, and to cany into effect his will, unless it clearly violates the prohibition which the Legislature established. Cole's Widow v. His Executor, 7 N. S. 410.
*558 It is therefor© ordered, adjudged and decreed, that the judgment of the district court be affirmed, so far as it annuls the legacy in the will of Mane Fanny Roy in favor of her brothers Solastie Alexandre Roy and Pierre Solastie Roy ; and that it be reversed so far as it annuls the legacy of the testator in favor of her sister Josette Roy, the widow of Louis Guidry, and her son Louis Cyprien Guidry, and that there be judgment in their favor. And it is further decreed, that the plaintiffs pay half the costs in both courts, and Solastie Alexandre Roy and Pierre Solastie Roy pay the other half.
Slidell, J.
With the limited means I have had of examining the subject, I have come to the same conclusion as Judge Preston has adopted, with respect to the dispositions of the will.